LORENZO COREY v. CHARLES T. CADWELL.

*Partnership—Profit-sharing—Construction of contract.*

1. While an agreement to share in the profits of a venture will not constitute a partnership as between the parties if contrary to their intention that there should be no such relation, it is strong evidence of the intent, and sufficient, where there is a community of interests and capital, to establish such relation, unless rebutted by satisfactory evidence.

2. An agreement by which one of the parties is to furnish money for the purchase of a certain tract of timbered land and of certain standing timber, and the other is to manufacture the timber into lumber and shingles, and, after the sale of the land and manufactured products, the proceeds remaining, after payment of the expense of manufacture and sale and the repayment of the money so advanced with interest, are to be equally divided between the parties, constitutes them copartners in the special venture.

Error to Montcalm.    (Smith, J.)    Argued June 11, 1891.    Decided July 28, 1891.

*Assumpsit.*    Plaintiff brings error.    Affirmed.    The facts are stated in the opinion.

*N. O. Griswold,* for appellant.

*Griffin, Warner & Hunt,* of counsel, for appellant, contended:

1. It will be noted that the question is not one between the defendant and a third person who has assumed to rely upon the partnership liability, but between the parties to the agreement, which must be construed according to their intention as discovered from the agreement and the circumstances leading to it; citing *Bird v. Hamilton,* Walk. Ch. 361; *Beecher v. Bush,* 45 Mich. 188.

2. In support of the contention that the agreement and surrounding circumstances did not constitute a partnership, counsel cited *Gray v. Gibson,* 6 Mich. 312; *Edson v. Gates,* 44 Id. 253; *Hamper's Appeal,* 51 Id. 71; *Monroe v. Greenhoe,* 54 Id. 9; *Wells v. Babcock,* 56 Id. 276; *Colwell v. Britton,* 59 Id. 350; *Kingsbury v. Tharp,* 61 Id. 216, 224.

*L. C. Moore* and *George S. Steere,* for defendant, cited no authorities.

CHAMPLIN, C. J. The parties to this suit were in partnership in 1886 in the business of buying, manufacturing, and selling shingles. In January, 1887, they dissolved this partnership, and the business was continued by the defendant. In July, 1887, the defendant told the plaintiff that he knew of a piece of pine in Newaygo county that could be bought at a bargain, and asked the plaintiff if the money could be had of him. Plaintiff said, "Yes, if the trade is a good one," and advised the defendant to go and examine the timber. Defendant did so, and on his return told plaintiff that it was a very nice tract of timber. The plaintiff then agreed to furnish the money to pay for the timber, and defendant agreed to pay it back, with interest at the rate of eight per cent., as fast as the timber was removed. The plaintiff then gave his note to defendant for $6,000, due in 20 days, with which, or the proceeds of which, defendant bought the first tract of timber, known in the record as the "Danaher Land." Plaintiff paid the note when it

became due.  The deed was then made in plaintiff's name, and bears date August 16, 1887.

The testimony introduced in the case tended to show that afterwards, in October, 1887, Cadwell desired to purchase some standing pine timber from one Wise for $550, and applied to Corey for a loan of the capital to enable him to do so.  Corey agreed to loan it to him at the rate of eight per cent.  Corey then suggested to the defendant that, as he was furnishing a good deal of money, why should he not have an interest in the profits of it? and proposed that he should have, and that Cadwell should give him one-half of the profits above eight per cent. after paying for the timber, and Cadwell acceded to the proposition.  The parties then entered into an agreement, which agreement was entered upon the books of the defendant, Cadwell, in the following form:

"October 18, 1887.

| | |
|---|---|
| Newaygo pine | 6,558 75 |
| L. Corey | 6,550 00 |
| Aug. 16.  For Danaher land | 6,000 00 |
| Oct.  18.   "   Wise pine | 550 00 |
| Cash | 8 75 |
| Paid highway tax | 8 75 |

"It is hereby agreed by and between the undersigned that the net proceeds from the above, either from sale of land, lumber, timber, or shingles, after paying above, and all expenses of manufacturing, transportation, and sale, shall be equally divided between the parties.

"LORENZO COREY.
"C. T. CADWELL."

This is the first, and for more than a year afterwards the only, writing the parties had in relation to the investment.  Sometime during the year 1889, plaintiff asked defendant to give him a certificate containing the substance of this agreement on the books, so that, in case the book should be destroyed in any way, he would have something to show his interest there; and thereupon

Cadwell made, signed, and delivered to the plaintiff a certificate, as follows:

"This is to certify that Lorenzo Corey has purchased certain lands in Newaygo county, Michigan, for the sum of $6,550, and which said sum I agree to refund to him as the timber is removed, with interest at eight per cent. per annum from the first day of January, A. D. 1888.

"And I-also agree to cut the timber into lumber or shingles, and agree that the net proceeds from the sale of land, lumber, timber, or shingles, after paying for said land and all expenses of manufacturing, transportation, and sale, shall be equally divided between the said L. Corey and myself.

"C. T. CADWELL."

This latter paper the plaintiff accepted and held, while the former one was on the defendant's books and in his possession.

The plaintiff testified that. in December, 1890, he asked the defendant if he had cut the timber from the land, and he stated that he had; that it was all manufactured and sold, and the returns received, except from one car-load of shingles, which they arrived at from guess-work, comparing with other shipments. He was not permitted to testify to the whole of this conversation, nor whether they looked over and had a settlement at that time. He did testify that Cadwell had never paid any of the money which he let him have.

The defense contended that the- agreement of October 18, 1887, constituted a partnership, and that no recovery could be had in this form of action.

As between the parties to the agreement, the question of the relation of partnership or no partnership must depend upon the intention of the parties. An agreement to share in the profits of a venture alone will not constitute a partnership, if contrary to the intention of the parties that there should be no such relation. That fact, however, is strong evidence of the intent, and is suffi-

cient, where there is a community of interests or capital, to prove a partnership, unless rebutted by satisfactory evidence.

Counsel for the plaintiff contend in this case that the $6,550 was a loan at eight per cent., and was to remain so, and this sum and interest must be repaid at all events. They further insist that the contract of October 18 is divisible; that one part relates to the loan and repayment, and the other to sharing in the profits; and that this suit is brought simply to recover the money loaned, and interest. They claim that they have proven the loan, the rate of interest, that it was to be repaid as fast as the timber was removed, that the timber has all been removed, and the plaintiff has never been paid. Their contention is correct, unless there was a partnership existing between the parties with reference to the purchase and sale of the land, the manufacture and sale of the timber, the repayment of the capital invested, including expenses, and the division of the profits.

The intent of the parties must be gathered from the agreement. It must be viewed in the light of the surrounding circumstances. Grant that, in the first instance, the money to buy the Newaygo land was loaned by Corey to Cadwell, and the deed taken in his name as security, and that the bill of sale of the Wise pine was taken in Corey's name, as the testimony shows, and that Corey was to be repaid the money loaned, with interest at eight per cent., as fast as the timber was removed, Cadwell was still personally responsible for the repayment of the money. The testimony of Corey is that this agreement was changed by the agreement made October 18, 1887. The substantial terms of this agreement were reduced to writing and signed by the parties, and their intention must be gathered from the language of the instrument. It will be noticed that there is first a statement of account entered

on the books of the defendant, Cadwell, in which
Newaygo pine is charged with the cost, viz., $6,558.75;
and that this item is made up of the $6,000 paid for the
Danaher land, August 16, the item of $550 paid for the
Wise pine, and cash paid by Cadwell for highway tax;
and Mr. Corey is credited with the money advanced by
him, being $6,550. That amount having been entered,
the parties wrote underneath their agreement as to the
division of the net proceeds. These proceeds are what
remained over from either selling the land, lumber, tim-
ber, or shingles, after paying $6,558.75 and all expenses
of manufacturing, transportation, and sale.

The relations of the parties are materially changed by
this agreement. Before, the relation of debtor and
creditor existed between them, and Cadwell was liable to
pay generally. Now the money is to be paid out of the
proceeds from the sale of the land, lumber, etc. The
agreement signed by them both does not express the
whole agreement. Nothing is said in it as to who shall
manufacture or who shall sell; in other words, who shall
manage the enterprise. The writing produced by the
plaintiff, which he says was received by him in 1889,
signed by Cadwell, and which he says was given to him
to show what his interests were in the contract, supplies
the omission, and when read together they show what
the contract was.

The whole, taken together, shows that the parties
entered into a special venture, by which Corey furnished
the capital to purchase land and pine, for which he was
to be reimbursed with eight per cent. interest, and Cad-
well was to manufacture the timber into lumber or
shingles, and the land, timber, lumber, and shingles
were to be sold, and out of the proceeds Corey was to be
paid the capital invested by him and interest, and then
all expenses of manufacturing, transportation, and sale,

and the net proceeds remaining were to be equally divided between Corey and Cadwell.

We think the contract is one and indivisible, and that the intention was that they should be partners in the venture, one contributing the capital and the other the labor and supervision, and the net profits were to be equally divided.

The judgment is affirmed.

MORSE, MCGRATH, and LONG, JJ., concurred. GRANT, J., did not sit.